**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| **SINCLAIR BROADCAST GROUP, INC.** * | |
|     **Plaintiff** * | |
|     v.  * | **CASE NO. 1:14-cv-02614-CCB** |
| **COLOUR BASIS, LLC, et al.** * | |
|     **Defendants** * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF**

Pursuant to Fed.R. Civ. Pro. 15(a)(1), Plaintiff Sinclair Broadcast Group, Inc. submits the following as its First Amended Complaint against Defendants.

**THE PARTIES**

1. Plaintiff Sinclair Broadcast Group, Inc. ("SBG") is a Maryland corporation having its principal place of business in Maryland. SBG is a television broadcasting company that owns and operates, programs, or provides sales services to over 150 television stations in over 70 markets.

2. Defendant Colour Basis, LLC ("Colour Basis") is a Texas limited liability company having its principal place of business in Fort Worth, Texas.

3. Defendant Christi Schreiber ("Schreiber") is the President and CEO of Colour Basis, LLC, and resides and does business in Forth Worth, Texas.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a) because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between citizens of different states.

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the Constitution, laws, or treaties of the United States, specifically under the copyright laws of the United States, 17 U.S.C. § 101 et seq., and under 28 U.S.C. § 1338(a), because this is a civil action arising under Act of Congress relating to copyright.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because this is the judicial district in which a substantial part of the events giving rise to the claims occurred.

7. This Court has personal jurisdiction over the Defendants pursuant to Md. Cts. & Jud. Proc. § 6-103 because the Defendants have transacted business in the State of Maryland and contracted to supply goods and services in the State of Maryland, and the causes of action set forth herein arise from such acts.

## FACTUAL AVERMENTS

8. In 2011, Colour Basis, through its representative Schreiber, began working as an independent contractor providing appearance advice for on-air personalities employed with television stations that were subsidiaries, either directly or indirectly, of SBG.[1]  Each engagement was done on a case-by-case basis.

9. In March 2012, Scott Livingston became employed with SBG as Vice President of News.

10. Livingston's office is located in Baltimore County, Maryland, at SBG's corporate headquarters.

---

[1] Throughout this Complaint, "subsidiaries" shall be used as a shorthand reference to television stations that are typically second-tier subsidiaries of SBG.

11. On March 29, 2012, Livingston contacted Schreiber to introduce himself to her and to discuss the possible further use of her services in other television markets for subsidiaries of SBG.

12. In April 2012, and thereafter, Livingston continued discussion with Schreiber regarding the possible use of her services in other markets served by other SBG subsidiaries.

13. In October 2012, Livingston raised with Schreiber the possibility of retaining Colour Basis to develop an image/style guide for use by SBG on-air talent, to establish SBG standards and expectations for its on-air personalities. Schreiber and Livingston also discussed the potential for a broader consulting relationship with Schreiber. Schreiber indicated that she would develop a proposal to submit to SBG.

14. Through the fall of 2012 and into the spring of 2013, Livingston and Schreiber continued to discuss the possible development of the image/style guide and the possibility of engaging Schreiber as a consultant for on-air talent on a station-by-station basis.

15. In December 2012, Livingston invited Schreiber to do a presentation at a conference in Maryland for news directors employed by subsidiaries of SBG to be held in January 2013.

16. Schreiber participated in the conference as one of several outside presenters and she gave a PowerPoint presentation pertaining to dress and appearance issues for on-air talent.

17. In February 2013, Schreiber informed Livingston that she was working on the image/style guide that they had discussed. Schreiber and Livingston had not discussed any fee arrangement for the image/style guide and had not discussed any licensing arrangement associated with the style guide.

18. During this time, Schreiber was also working for various SBG subsidiaries as a consultant on style issues, with payment arrangements made with each of those stations directly.

19. On March 13, 2013, Schreiber advised Livingston by email that she proposed charging $25,000 for the image/style guide, with that fee covering 400 printed copies of the guide and 400 licenses, with the option to purchase future copies on an as-needed basis. Livingston responded to Schreiber by telling her to give him a call.

20. On March 15, 2013, in a telephone conversation between Livingston and Schreiber, Livingston told Schreiber that SBG would not agree to the terms that she proposed, but would pay a flat fee of $15,000 for the image/style guide, and that SBG would own the guide and would have the right to share it with its subsidiaries as it saw appropriate. Livingston advised Schreiber that he did not object to Schreiber's company logo appearing on the guide.

21. In early April, Schreiber sent a draft of the image/style guide to Livingston in Maryland via electronic transmission. Livingston reviewed the document and suggested certain changes. Thereafter, Livingston and Schreiber continued to have discussions regarding revisions to the image/style guide through the month of April, coming to an agreement on the revisions at the end of the month.

22. On May 2, 2013, SBG received an invoice for $15,000 from Colour Basis, which it paid.

23. On June 5, 2013, Schreiber sent the final version of the image/style guide, titled "SBG Style Guide," to Livingston in Maryland via electronic transmission.

24. The introduction contained within the SBG Style Guide provides as follows, clearly establishing the intent of Schreiber and Colour Basis to license use of the SBG Style Guide throughout SBG's operations and stations:

> As on-camera talent, you are the station's visual connection with the audience and in effect, the branding of SBG stations. How the viewers perceive you is also how they view the organization you represent.
>
> SBG station's integrity, standard of service, culture & trustworthiness are communicated visually as well as vocally. Make sure you are sending the message you and our station want with the best possible visual impact. You can do that in part with professional appearance in your news broadcasts consistently.
>
> The SBG Style Guide is your reference to the Sinclair Broadcast Group appearance policy as recommended and written by Colour Basis president and CEO, Christi Schreiber. The SBG goal is to maintain consistency in SBG branding throughout the company including our on-air appearance. Please read the following quick tips and detailed information for men and women regarding appearance related issues.

25. Pages of the SBG Style Guide are marked with the "© Colour Basis 2013 1-8880797-0806."

26. In June 2013, Livingston distributed the SBG Style Guide to news directors employed by SBG subsidiaries.

27. At the end of June 2013, SBG hired a full time style employee to work with its subsidiaries regarding style issues for the on-air talent.

28. In late June or early July 2013, Livingston advised Schreiber of the new position and also advised her that a potential existed for a continued relationship with Schreiber as it related to consultation regarding style issues for on-air talent.

29. Schreiber and Colour Basis did not object to SBG's use of the SBG Style Guide by SBG, its employees, and subsidiaries until July 2014 and, prior to that date, did not contend that SBG or any other person had breached the terms of an implied license or had infringed Defendants' copyright.

5

30. At no time did SBG, through Livingston or otherwise, offer, or promise, to engage Schreiber to serve as a consultant for its subsidiaries, and Schreiber's fee and creation of the SBG Style Guide were not linked to any agreement to use Schreiber as a consultant.

31. Schreiber's offer to enter into an agreement whereby SBG's use of the image/style guide would be restricted was expressly rejected by Livingston, and Schreiber accepted and agreed to the terms proposed by SBG, which gave SBG the right to use and reproduce the image/style guide as SBG deemed appropriate.

32. During the period when Schreiber was providing direct consulting services to stations, she used her access to individual station employees as a platform to sell a clothing line that she marketed.

33. Schreiber was not authorized by SBG to use her access to station employees to market a clothing line.

34. Schreiber's use of her position as an image/style consultant for SBG stations to market a clothing line to station employees falsely implied to station employees that SBG endorsed Schreiber's clothing line and encouraged station employees to purchase clothing from Schreiber.

35. On or about July 2, 2014, Schreiber as Author and Colour Basis as Copyright Claimant registered a document titled "Colour Basis and Style Guide" with the U.S. Copyright Office, Registration Number TX 7-857-557.

36. Schreiber has advised SBG, directly and through counsel, that she believes that she has a licensing agreement with SBG for use of the image/style guide, and that SBG violated that agreement by reproducing and disseminating the guide and by failing to use the image/style guide only in connection with Colour Basis's consulting sessions.

37. Schreiber further has claimed that SBG has infringed the registered copyright.

38. Schreiber further has claimed that SBG has breached the terms of any implied license, has committed promissory fraud, and has engaged in unfair competition with respect to its use of the image/style guide.

39. Colour Basis has asserted that Colour Basis has suffered damages in excess of $200,000 due to the actions of SBG.

## COUNT I – DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

40. Plaintiff incorporates Paragraphs 1 through 39 as if fully set forth herein.

41. Under the facts and circumstances described, SBG has an implied nonexclusive license for the use of the SBG Style Guide and has used the SBG Style Guide consistently with the terms of that license and has not breached the terms of that license.

42. There exists an actual controversy of a justiciable issue between SBG, on the one hand, and Colour Basis and Schreiber on the other hand that is within the jurisdiction of this Court, specifically, the alleged copyright of the image/style guide and related claims.

43. Pursuant to 28 U.S.C. §2201(a), this Court should declare the rights and other legal relations of the parties, as follows:

    (a) Declaring that Plaintiff has an implied nonexclusive license for the SBG Style Guide and that Plaintiff's use of the SBG Style Guide has been consistent with the terms of that license;

    (b) Declaring that Plaintiff owes no license fees to Defendants;

    (c) Declaring that Plaintiff has not infringed any copyright of Defendants;

    (d) Declaring that Plaintiff has not breached any implied license of Defendants;

(e) Declaring that Defendants have no right to terminate the implied license;

(f) Declaring that Plaintiff has not engaged in promissory fraud with respect to Defendants;

(g) Declaring that Plaintiff has not engaged in unfair competition with respect to Defendants.

44. Pursuant to Fed.R.Civ.Pro. 65, this Court should enter a permanent injunction, as follows:

(a) Ordering the Defendants not to interfere in SBG's continued use of the SBG Style Guide consistent with the terms of the implied nonexclusive license;

(b) Restraining and enjoining the Defendants from taking further action to interfere with Plaintiff, its agents, officers, or employees, and the agents, officers, and employees of any of its subsidiary television station entities as to Plaintiff's continued use of the SBG Style Guide consistent with the terms of its implied nonexclusive license.

WHEREFORE, Plaintiff Sinclair Broadcast Group, Inc. prays that this Court declare the rights of the parties and enter a permanent injunction, as follows:

A. Declaring that Plaintiff has an implied nonexclusive license for the SBG Style Guide and that Plaintiff's use of the SBG Style Guide has been consistent with the terms of that license;

B. Declaring that Plaintiff owes no license fees to Defendants;

C. Declaring that Plaintiff has not infringed any copyright of Defendants;

D. Declaring that Plaintiff has not breached any implied license of Defendants;

E. Declaring that Defendants have no right to terminate the implied license;

  F. Declaring that Plaintiff has not engaged in promissory fraud with respect to Defendants;

  G. Declaring that Plaintiff has not engaged in unfair competition with respect to Defendants;

  H. Ordering the Defendants not to interfere in SBG's continued use of the SBG Style Guide consistent with the terms of the implied nonexclusive license;

  I. Restraining and enjoining the Defendants from taking further action to interfere with Plaintiff, its agents, officers, or employees, and the agents, officers, and employees of any of its subsidiary television station entities as to Plaintiff's continued use of the SBG Style Guide consistent with the terms of its implied nonexclusive license.

## COUNT II – FRAUD
### (In the Alternative to Count I)

45. Plaintiff incorporates Paragraphs 1 – 30 and Paragraphs 32 – 39, as if separately set forth herein.

46. In response to Livingston's counter-proposal, Schreiber was intentionally silent, intending that Livingston and SBG rely upon her silence and thereby inducing SBG to make payment of $15,000 to Colour Basis for fewer rights than it had bargained.

47. Schreiber and Colour Basis intentionally failed to disclose to Livingston and SBG that there was no enforceable agreement incorporating the terms set forth by Livingston, and that Colour Basis intended to use legal process and the threat of legal process against SBG and its agents and employees regarding SBG's use of the SBG Style Guide.

48. Schreiber and Colour Basis had a duty to disclose to Livingston and SBG that the terms proposed by SBG (including SBG's ownership of the image/style guide) were not to be

implemented, and that Colour Basis intended to use legal process and the threat of legal process against SBG and its agents and employees.

49. Schreiber and Colour Basis intentionally misled Livingston and SBG in order to induce SBG to make payment of $15,000 to Colour Basis and to induce SBG to act in violation of the copyright of Colour Basis, thereby permitting Colour Basis to make subsequent claim against SBG for additional monies.

50. Schreiber and Colour Basis thus failed to disclose material facts to Livingston and SBG, in violation of duties owed to SBG.

51. Livingston and SBG took action in reliance upon the misrepresentation, non-disclosure, and concealment effected by Schreiber and Colour Basis, specifically, Livingston and SBG disseminated the SBG Style Guide to multiple persons and subsidiaries.

52. SBG was harmed by the intentional misrepresentation, non-disclosure, and concealment effected by Schreiber and Colour Basis.

WHEREFORE, Plaintiff Sinclair Broadcast Group, Inc. prays that this Court enter judgment in its favor against Defendants in an amount to be proven at trial, plus the costs of this action.

## COUNT III – NEGLIGENT MISREPRESENTATION
### (In the Alternative to Counts I and II)

53. Plaintiff incorporates Paragraphs 1 – 30 and Paragraphs 32 – 39, as if separately set forth herein.

54. In response to Livingston's counter-proposal, Schreiber was silent.

55. Schreiber and Colour Basis negligently failed to disclose to Livingston and SBG that there was no enforceable agreement incorporating the terms set forth by Livingston, and that

Colour Basis intended to use legal process and the threat of legal process against SBG and its agents and employees regarding SBG's use of the SBG Style Guide.

56. Schreiber and Colour Basis had a duty to disclose to Livingston and SBG that the terms proposed by SBG (including SBG's ownership of the image/style guide) were not to be implemented, and that Colour Basis intended to use legal process and the threat of legal process against SBG and its agents and employees.

57. Schreiber and Colour Basis negligently misled Livingston and SBG in order to induce SBG to make payment of $15,000 to Colour Basis and to induce SBG to act in violation of the copyright of Colour Basis, thereby permitting Colour Basis to make subsequent claim against SBG for additional monies.

58. Schreiber and Colour Basis thus failed to disclose material facts to Livingston and SBG, in violation of duties owed to SBG.

59. Livingston and SBG took action in reliance upon the misrepresentation, non-disclosure, and concealment effected by Schreiber and Colour Basis, specifically, Livingston and SBG disseminated the SBG Style Guide to multiple persons and subsidiaries.

60. SBG was harmed by the negligent misrepresentation, non-disclosure, and concealment effected by Schreiber and Colour Basis.

WHEREFORE, Plaintiff Sinclair Broadcast Group, Inc. prays that this Court enter judgment in its favor against Defendants in an amount to be proven at trial, plus the costs of this action.

Respectfully submitted,

/s/
Francis R. Laws (Bar No. 02596)
flaws@tandllaw.com
Margaret L. Argent (Bar No. 06132)
margent@tandllaw.com
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, Maryland 21202-1053
Telephone:  (410) 752-2468
Facsimile: (410) 752-0979

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of September 2014, a copy of the foregoing Plaintiff's First Amended Complaint for Declaratory Judgment and Injunctive Relief was served via email and first class mail upon Joshua J. Kaufman, Esquire, Venable LLP, 575 7th Street, N.W., Washington, DC 20004, *Attorneys for Defendants*.

/s/
Margaret L. Argent